11-5116-cr
United States v. Robert Anthony Warren

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand and thirteen.

PRESENT:  RALPH K. WINTER,
          JOHN M. WALKER, JR.,
          RICHARD C. WESLEY,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*

          -v.-                              No. 11-5116-cr

ROXANNE BROWN,

                    *Defendant,*

ROBERT ANTHONY WARREN,

                    *Defendant-Appellant.*

---

FOR APPELLANT:        MARSHALL A. MINTZ, Mintz & Oppenheim LLP, New York, NY.

FOR APPELLEE:         SERRIN TURNER, Assistant United States Attorney (Justin Anderson, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Denny Chin, Circuit Judge, sitting by designation).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Robert Anthony Warren appeals from a judgment of conviction entered on December 1, 2011, in the United States District Court for the Southern District of New York.  We assume the parties' familiarity with the facts and the issues raised on appeal.

First, there was sufficient evidence to support the inference that Warren knew that the tax refund checks that he was stealing were obtained through fraudulent returns.  Reviewing a sufficiency challenge, "we need not find that *every* reasonable jury would have convicted [Warren]; we affirm 'if we find that *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Goffer*, 721 F.3d 113, 124 (2d Cir. 2013) (quoting *United States v. Stewart*, 590 F.3d 93, 109 (2d Cir. 2009)).  "The law

2

has long recognized that criminal intent may be proved by circumstantial evidence alone." *United States v. Heras*, 609 F.3d 101, 106 (2d Cir. 2010). Moreover, Warren "lost 'his right to have sufficiency assessed on the basis of the government's presentation of evidence alone' when he testified on his own behalf." *United States v. Tran*, 519 F.3d 98, 105 (2d Cir. 2008) (quoting *United States v. Aulicino*, 44 F.3d 1102, 1114 (2d Cir. 1995)). Between Adams's testimony and Warren's testimony in his own defense, there was an ample basis for the jury to infer beyond a reasonable doubt that Warren knew that the easily identified U.S. Treasury checks that he was stealing were the product of fraudulent or false claims. The jury did not need to determine Warren's precise knowledge of "the details of the conspiratorial scheme or the identities of all of the conspirators." *United States v. Hawkins*, 547 F.3d 66, 71 (2d Cir. 2008) (internal quotation mark omitted).

Second, the evidence missing from the government's summary chart did not affect Warren's substantial rights or "'seriously affect the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Botti*, 711 F.3d 299, 314 (2d Cir. 2013) (quoting *Johnson v. United States*, 520 U.S. 461, 470 (1997)). Although some of the specific examples of Warren's calling co-conspirators'

3

phones without a preceding call were erroneously listed on the summary chart, the existence of other such examples renders this error harmless and well beyond the reach of our plain error review. So too was the government's misplaced reliance on the accuracy of its summary chart harmless (and a far cry from prosecutorial misconduct). *See, e.g., United States v. Coffey*, 823 F.2d 25, 27-28 (2d Cir. 1987) (*per curiam*). Finally, Warren's substantial rights were not impaired by the absence of an unrequested limiting instruction stating that the charts were not evidence. Because of the surfeit of other evidence of Warren's guilt, he has not "demonstrate[d] that [any] error was prejudicial . . . [by showing that] there is a reasonable probability that the error affected the outcome of the trial." *United States v. Marcus*, 628 F.3d 36, 42 (2d Cir. 2010) (internal quotation marks omitted).

Finally, there was no plain error in the government's summation. *See United States v. Williams*, 690 F.3d 70, 77-78 (2d Cir. 2012). First, "[w]e do not condone the prosecutors' use of 'we know' statements in closing argument. . . . Nonetheless, the record . . . confirms that the prosecutors used the phrase 'we know' to marshal evidence actually admitted at trial and reasonable inferences from that evidence, not to vouch for witness veracity or suggest that evidence not produced would support a witness's statements." *United States v.*

4

*Younger*, 398 F.3d 1179, 1191 (9th Cir. 2005). Second, "it is not ordinarily improper for the prosecution to make temperate use of forms of the word 'lie' . . . 'to characterize disputed testimony' where credibility was clearly an issue." *United States v. Shareef*, 190 F.3d 71, 79 (2d Cir. 1999) (quoting *United States v. Peterson*, 808 F.2d 969, 977 (2d Cir. 1987)). Finally, the government's imprecision in characterizing Bailey's testimony was insignificant; overall, "[t]he prosecutor's jury summation did no more than marshal the evidence and draw reasonable inferences therefrom. This is permissible and did not deprive appellant[] of a fair trial." *United States v. Steinberg*, 551 F.2d 510, 515 (2d Cir. 1977).

We have considered all of Warren's arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk